UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA,

    -v-                                                             No. 13 CR 0957

ADAM BONANO,

    Defendant.

-------------------------------------------------------x

## ORDER

The Court has received a pre-sentencing bail application requesting that defendant Adam Bonano ("Defendant" or "Mr. Bonano") be temporarily released pending sentence. (See Docket Entry No. 156 ("Bail App.").) This application has been made following the Court's determination, following an evidentiary hearing held on February 21, 2020, that Mr. Bonano violated several conditions of his supervised release by: (i) possessing with intent to sell crack cocaine; (ii) assaulting Ms. Katiushka Torres, the mother of his two children ("Ms. Torres"); and (iii) failing to abide by the terms of the drug treatment programs in which the U.S. Probation Office had instructed him to participate.[1] (See Docket Entry No. 152, Transcript of Feb. 21, 2020, Evidentiary Hearing ("Hearing Tr.") at 144-150). Additionally, the Court found that Mr.

---

[1] Specifically, Mr. Bonano was found to have committed the conduct charged in the following specifications: (1) criminal possession of a controlled substance, with intent to sell, in the third degree, in violation of New York Penal Law ("NYPL") § 220.16(1); (2) criminal possession of a controlled substance in the fourth degree, in violation of NYPL § 220.09(1); (3) assault with intent to cause physical injury in the third degree, in violation of NYPL § 120.00(01); (4) intent to damage property in the fourth degree, in violation of NYPL § 145.00(01); (5) criminal obstruction of a victim's breathing in violation of NYPL § 121.11(0A); (6) using a controlled substance; (7) failing to comply with required drug testing; and (8) failing to participate in an outpatient substance abuse treatment program.

Bonano had not "met his burden of showing by clear and convincing evidence that he does not pose a danger to the community and specifically to Ms. Torres, with whom he has an ongoing relationship and familial connection." (Hearing Tr. at 150:13-16.) As a result, Mr. Bonano was remanded into custody pending sentencing, which is scheduled to take place on April 29, 2020. (See Docket Entry Nos. 151 and 155.) He is currently detained at the Metropolitan Correctional Center (MCC) and faces an advisory sentencing guidelines range of 12-18 months of imprisonment. (Bail App at 1-2.) The Government opposes Mr. Bonano's application for temporary release. (See Docket Entry No. 158.) Mr. Bonano has filed a Reply in support of his application. (See Docket Entry No. 159 ("Reply").)

As a person seeking to be released from custody prior to his sentencing, Mr. Bonano has the burden of demonstrating by clear and convincing evidence that he "is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1); Federal Rule of Criminal Procedure 32.1(a)(6). Additionally, Mr. Bonano must demonstrate "exceptional reasons" as to why he should not be detained. 18 U.S.C. § 3145(c).

Mr. Bonano submits that he is seeking release pursuant to The Bail Reform Act, which provides for the "temporary release" of a person in pretrial custody if such release is "necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). Mr. Bonano argues that his temporary release is "necess[ary]" for the compelling reason that "the rapidly changing public health crisis [ ] may imperil [his] health." (Reply at 1.) He argues that his health may be in danger because "he is in a prison environment which is inherently a potential incubator for [the COVID-19] epidemic." (Bail App. At 2.) The letter application does not identify any elevated risk particular to the Defendant. Rather, Mr. Bonano

acknowledges that he "is relatively young and has no known health conditions which would make him more vulnerable" than others to the effects of COVID-19. (Id.)

Mr. Bonano also argues that he is not a danger to the community or Ms. Torres, and, as support, proffers a letter from Ms. Torres characterizing the Defendant's assault on her as an "accident" and representing that she and Mr. Bonano are co-parenting their two children "fine." (Id. at 4.) Mr. Bonano also proffers letters from his mother and sister requesting that he be sentenced to inpatient drug treatment rather than prison, and representing that he has family support. (Id. at 5-6.)

The Court finds, for substantially the reasons set forth in the Government's opposition submission, that Mr. Bonano has neither met his burdens under 18 U.S.C. § 3143 and § 3145, nor demonstrated, if this application is, as Mr. Bonano contends, governed by 18 U.S.C. § 3142(i), that compelling reasons necessitate his temporary release pending sentencing. For these reasons, the application for temporary release is denied.

This Order resolves Docket Entry Nos. 156 and 159.


SO ORDERED.

Dated: New York, New York
      April 8, 2020

   /s/ Laura Taylor Swain
  LAURA TAYLOR SWAIN
  United States District Judge